IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| THOMAS NEELY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-CV-304 |
| | ) | (Guyton) |
| FOX OF OAK RIDGE, INC. and | ) | |
| BENJAMIN H. CURD, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 9]. This case came before the undersigned on June 12, 2006, for a pretrial conference, at which time the Court heard oral argument on the pending motions in limine.

The parties announced that they had reached an agreement with respect to the plaintiff's motions in limine. [Docs. 17, 19]. Based upon the agreement of the parties and for good cause shown, the plaintiff's motions in limine [Docs. 17, 19] are **GRANTED**.

In their motion in limine, the defendants seek to strike certain testimony from the video deposition testimony of Thomas Koenig, M.D., plaintiff's treating orthopaedic surgeon, on the grounds that Dr. Koenig is not qualified to render an opinion on the plaintiff's employability. [Doc. 16]. The plaintiff opposes the defendant's motion, arguing that Dr. Koenig's opinion is

admissible, and further that the defendants failed to properly preserve an objection to this particular testimony. [Doc. 20].

The Court finds that the defendants properly preserved their objection to Dr. Koenig's testimony regarding the plaintiff's employability. The Court further finds that the plaintiff's general employability is an issue outside of Dr. Koenig's area of expertise as an orthopaedic surgeon. Accordingly, the defendants' motion in limine [Doc. 16] is **GRANTED**. The following testimony shall be stricken from Dr. Koenig's deposition: page 30, line 14 to page 31, line 6, and page 32, lines 10-14. Dr. Koenig may render an opinion regarding the plaintiff's anatomical restrictions, and he may testify with regard to any findings that he made with respect to these restrictions and how they relate to the physical requirements of a particular job. However, Dr. Koenig will not be permitted to testify as to the plaintiff's general employability, as that issue is a matter beyond Dr. Koenig's area of expertise.

**IT IS SO ORDERED.**

**ENTER:**

s/ H. Bruce Guyton
United States Magistrate Judge