IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| THOMAS NEELY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-CV-304 |
| | ) | (Guyton) |
| FOX OF OAK RIDGE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This case came before the Court on July 12, 2006 for a hearing on the Plaintiff's Motion For A New Trial [Doc. 32], and the Defendant's Response [Doc. 35] in opposition thereto. Robert English and Michael Inman were present for the plaintiff. Clint Woodfin was present for the defendant.

This is a personal injury case. The plaintiff alleges that while driving his vehicle in a safe and reasonable manner his vehicle was struck in the rear by a vehicle being operated negligently by an employee of the defendant. The plaintiff alleges several types of damages, including permanent disability and future lost wages.[1] The defendant admits that its employee was acting in the scope of employment when the collision occurred, but that the employee was not negligent. Further, the defendant disputes the amount and extent of the damage and injury claimed by plaintiff to have been caused by the accident.

In an action for negligence, the plaintiff must prove five elements: (1) a duty of care owed to the plaintiff by the defendant; (2) conduct by the defendant constituting a breach of that

---

[1] At trial, the plaintiff asked the jury to award total damages in excess of $400,000.

duty; (3) injury or loss to the plaintiff; (4) that the defendant's conduct was the cause in fact of the plaintiff's injury; and (5) that the defendant's conduct was the proximate or legal cause of the injury. <u>Waste Management, Inc. v. South Cent. Bell Tel. Co.</u>, 15 S.W.3d 425, 430 (Tenn. Ct. App. 1997).

The present case was tried to a jury on June 20 - 21, 2006. The jury then returned a verdict in the following form:

> VERDICT FORM
>
> We, the jury, unanimously make the following findings:
>
> 1. Was the defendant, Fox of Oak Ridge, Inc., negligent?
>
>     __X__     _____
>     Yes         No
>
> [If your answer to Question No. 1 is "yes," answer the following questions as may be appropriate. If your answer was "no," have your foreperson sign this form and return it to the Court.]
>
> 2.     Was the defendant Fox of Oak Ridge, Inc.'s negligence a legal cause of injuries to the plaintiff Thomas Neely?
>
>     _____     __X__
>     Yes         No
>
> [Please proceed to Question No. 3.]
>
> 3.     What is the total amount of compensatory damages that the plaintiff Thomas Neely is entitled to recover?
>
>     $ 30,000
>
>                          (Name redacted)
>                          FOREPERSON
>
>                          June 21, 2006
>                          DATE

2

The Court read the verdict of the jury and determined that the jury's answers to questions 2 and 3 appeared to be inconsistent. The Court took a recess to consider the appropriate course of action. Counsel for the parties did not agree on the appropriate action to be taken. Plaintiff's counsel requested that the jury be discharged and the plaintiff given a new trial. Defendant's counsel requested that the Court enter a verdict for plaintiff in the amount of $30,000. The Court then brought the jury back into the courtroom and attempted to resolve the apparent inconsistency on the verdict form by questioning the jury foreperson:

> THE COURT: Bring the jury in.
>
> THE COURT: I'm sorry to keep you all longer. But before the Court can accept the verdict form, the Court will need to make another inquiry with regard to - - and the Court understands your response to question no.1 being, "Yes."
>
> Question No. 2: "Was the defendant Fox of Oak Ridge, Inc.'s negligence a legal cause of injuries to the plaintiff Tom Neely?"
>
> Your answer is "No."
>
> And is that the unanimous verdict of everyone on the jury? Please raise your right hand if it is.
>
> All right then. All right hands were raised.
>
> I must ask you, Madam Foreperson, given that answer to question no. 2, why did the jury proceed to answer question no. 3?
>
> MADAM FOREPERSON: We felt like it was appropriate for some compensatory [sic] to be given to the plaintiff for what he has gone through so far, because there was negligence on the part of Fox in Oak Ridge.
>
> THE COURT: All right. Very good. I appreciate your clarification on that response.

The Court interpreted the jury foreperson's statement to mean that the jury found the plaintiff to be entitled to receive only part of the damages he sought at trial, specifically, $30,000. In other words, the Court determined that what the jury intended to say was that the defendant was the legal cause of $30,000 of the plaintiff's claimed damages, but not the legal cause of the other claimed damages. The Court, wanting to give effect to what the court perceived to be the intent of the jury, then entered a verdict for the plaintiff in the amount of $30,000 [Doc. 31].

In the Motion For A New Trial, the plaintiff argues that the jury's verdict is inconsistent, because the jury found that the defendant was not the legal cause of the plaintiff's injuries, but nonetheless, the plaintiff is entitled to recover $30,000. The plaintiff, citing Rule 49(b) of the Federal Rules of Civil Procedure, argues that the verdict cannot stand, thus requiring a new trial. Rule 49(b) states, in pertinent part, as follows:

> (b) General Verdict Accompanied by Answer to Interrogatories.
> . . . When the answers are consistent with each other but one or more is inconsistent with the general verdict, judgement may be entered pursuant to Rule 58 in accordance with the answers, not withstanding the general verdict, or the Court may return the jury for further consideration of its answers and verdict or may order a new trial.

The defendant, in opposition to the granting of a new trial, argues that the jury's verdict does not constitute a true inconsistency. The defendant argues that the jury found that the defendant was not the legal cause of "injuries" to the plaintiff [question no.2], but that plaintiff is entitled to recover $30,000 "in damages" [question no. 3]. In other words, according to the defendant, the jury found that the plaintiff did not suffer the injuries he alleged, but only the "damages" in the amount the jury awarded. Moreover, the defendant argues, it is the only party prejudiced by the jury's verdict, and thus is the only party with any ground to object, because based on the jury's answer to question no. 2, the Court should have entered a verdict for the defendant.

4

Finally, the defendant argues that the Court properly discerned the intent of the jury and gave effect to it.

The Court finds that the jury charge given in this case was adequate and properly informed the jury of the applicable law. Neither party objected to the jury charge.

Likewise, neither party objected to the verdict form used in this case. The Court, however, finds that the verdict form, which the Court prepared, is deficient in one respect and potentially deficient in a second respect. First, the verdict form does not explicitly tell the jury not to answer question no. 3 if its answer to question no. 2 is "no." Such a direction was included after question no. 1. Second, the use of the word "injuries" in question no. 2 and the word "damages" in question no. 3, perhaps confused the jury and contributed to the jury returning the verdict form as it did.

The Court also finds that the jury's verdict contained an answer, to question no. 2, which is inconsistent with the general verdict. The Court attempted to reconcile this inconsistency by questioning the jury foreperson, and the Court initially concluded that it had done so. However, after reading the transcript of the jury foreperson's statement, and considering the case law cited by the parties in the Motion [Doc. 32] and the Response [Doc. 35], the Court must reconsider. Clearly, the jury did not follow the law set forth in the jury charge, and therefore, the Court must conclude that the jury was confused when it completed the verdict form. The explanation given by the foreperson for the inconsistent verdict can only be accepted as resolving the inconsistency with the use of the Court's subjective interpretation of the meaning of the foreperson's comment. However, the verdict of the jury must not be such that the subjective interpretation of the Court is required to discern it.

5

The final issue is whether the plaintiff, who has received a $30,000 verdict, has "standing" to object to the verdict. The defendant, in effect, argues that the plaintiff won the case, because the inconsistent verdict was resolved in his favor. Case law is of no guidance to the Court on this point for one obvious reason: rarely will a plaintiff be awarded damages by the same jury which finds no legal causation by the defendant, and rarer still would be the plaintiff in such a case who appeals the verdict. Nonetheless, such is the situation now before the Court.

The Court finds that the overriding issue is the integrity of the process itself. The Court doubts that the plaintiff would be asking for a new trial if the jury's "inconsistent verdict" had awarded the plaintiff $300,000 rather than $30,000. The Court also doubts, if such were the case, that the defendant would be content to have the Court "give effect to the intent of the jury." This simply underscores the fact that the dispositive consideration is the inconsistency presented by the verdict. Rule 49(b) states that a new trial may be ordered, and the Court finds that it must be so ordered in this case.

Accordingly, the plaintiff's Motion For A New Trial [Doc. 32] is **GRANTED**, and the Judgment [Doc. 31] is hereby **VACATED**.

**IT IS SO ORDERED.**

                    **ENTER:**

                      s/ H. Bruce Guyton
                      United States Magistrate Judge